United States District Court
Southern District of Texas
**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GENESIS SALDANA GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-99 |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Genesis Saldana Gutierrez, representing herself, alleges violations of the Fair Credit Reporting Act. On April 17, 2026, the court dismissed Gutierrez's amended complaint and granted her a final opportunity to amend to address the complaint deficiencies. (Docket Entry No. 31). The court pointed out what information the second amended complaint needed to include to plausibly plead a FCRA violation. (*Id.*). On April 24, 2026, Gutierrez filed her second amended complaint. (Docket Entry No. 32). On May 11, 2026, the defendants—Experian Information Solutions, Inc., Equifax Information Services LLC, and Transunion LLC—filed a joint motion to dismiss. (Docket Entry No. 33). Gutierrez did not respond.

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Section § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "This provision does not hold a [consumer reporting agency] strictly liable for

all inaccuracies." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020). "To prevail under a § 1681e(b) claim, a plaintiff 'must establish that (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to [defendant's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) [plaintiff] suffered injury; and (4) his injury was caused by the inclusion of the inaccurate entry.'" *Ramirez v. Experian Info. Sols.*, No. 4:25-cv-00443-P, 2026 WL 833868, at *4 (N.D. Tex. Mar. 26, 2026) (alternations in original) (quoting *Hammer v. Equifax Info Servs., LLC*, No. 3:18-CV-1502-C, 2019 WL 7602463, at *2 (N.D. Tex. Jan. 16, 2019)).

"Section 1681i(a) provides that, if a consumer disputes the completeness or accuracy of any item in her file, the [consumer reporting agency] must 'conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.'" *Davidson v. Equifax Info. Servs. LLC*, No. 4:24-CV-01172-P, 2025 WL 2632407, at *4 (N.D. Tex. Aug. 14, 2025) (quoting 15 U.S.C. § 1681i(a)(1)(A)), *report and recommendation adopted*, 2025 WL 2490854 (N.D. Tex. Aug. 29, 2025). "As relevant here, to assert a claim under Section 1681i(a), a plaintiff must establish the following: (1) Plaintiff disputed the accuracy of an item in her credit file and notified the [consumer reporting agency] directly of the dispute; (2) the [consumer reporting agency] did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file in the manner prescribed by Section 1681i(a)(5) within the statutory period; (3) the [consumer reporting agency]'s noncompliance was negligent or willful; (4) Plaintiff suffered injury; and (5) Plaintiff's injury was caused by the [consumer reporting agency]'s failure to reinvestigate and record the current status of the disputed information or delete the item from the

file." *Id.* "The threshold question under both Sections 1681e(b) and 1681i is whether the plaintiff's reports contained inaccurate information." *Id.*

Gutierrez has failed to correct the deficiencies in the first amended complaint. The second amended complaint largely repeats, on page after page, that the "Defendants continued reporting incorrect and inconsistent data, failing to ensure maximum possible accuracy in violation of the FCRA." (*See generally* Docket Entry No. 32). But "conclusory allegations" that a credit reporting agency reported "inaccurate information" are widely held to be insufficient to state a claim. *See Rogers v. Equifax Info. Servs. LLC*, No. 23-CV-0537 (RPK) (TAM), 2024 WL 2862363, at *2 (E.D.N.Y. June 6, 2024). The only inaccurate information alleged with any detail is that the defendants reported specific inaccurate variations of Gutierrez's name. (*See, e.g.*, Docket Entry No. 32 at 8, 9, 13, 15). Those inaccuracies are not, without more, sufficient to state a claim. *See, e.g.*, *Verlus v. Experian Info. Sols.*, No. 23-cv-11426, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025) ("Incorrect address information, a one-year disparity in birth year, and slight variations of the [plaintiff]'s name are the types of inaccuracies that do not, without more, 'work any concrete harm' by virtue of their dissemination alone.'" (quoting *Phipps v. Experian Info. Sols., LLC*, No. 23-7529-cv, 2024 WL 5001842, at *2 (2d Cir. Dec. 6, 2024))). Even assuming as true that the defendants misspelled Gutierrez's name, that is "insufficient to state an actionable claim for violations of Sections 1681e(b) and 1681i of the FCRA." *Id.*

Gutierrez also alleges that the defendants show different information for certain accounts. (*See, e.g.*, Docket Entry No. 32 at 10, 11, 13, 14). That is, again, insufficient to state a claim, particularly given that Gutierrez does not actually identify which information is false. *See, e.g.*, *Poindexter v. Equifax Info. Sols. Servs., LLC*, No. 6:25-CV-00043, 2026 WL 1181801, at *4 (W.D. Va. Apr. 30, 2026) ("Just because [the plaintiff] identifies 'inconsistencies' within her credit report

3

does not mean that the Court can infer that one [consumer reporting agency] was wrong and the others were right, especially when there are no facts to support an inference against one versus the other.  This consistent failure dooms both her §§ 1681e(b) and 1681i claims."); *Allen v. Experian Info. Sols., Inc.*, No. 2:25-cv-00404-BLW, 2025 WL 3485873, at \*2 (D. Idaho Dec. 4, 2025) ("To state a claim, a plaintiff must identify which specific information is false—merely pointing to the fact that different reports contain different information is insufficient."); *Cruel v. Experian*, Civ. Action No. 22-5236, 2023 WL 4140828, at \*3 (E.D. Pa. June 22, 2023) ("Plaintiff points to inconsistent information between the three Defendants as evidence that the information is inaccurate; however, Plaintiff does not allege any facts regarding what the accurate information actually is.").  Gutierrez has also not shown that any inconsistency was misleading in such a way that it could be "expected to have an adverse effect," as is also required to state a claim.  *Cruel*, 2023 WL 4140828, at \*3 (quoting *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 298 (E.D. Pa. 2021)); *accord Hammer*, 974 F.3d at 568.

In short, despite numerous opportunities to amend and clear instructions from the court that she must provide the specific information required to state her claims under the sections of the FCRA she identifies, Gutierrez has failed to plausibly plead any of her claims.  The court grants the motion to dismiss.  (Docket Entry No. 33).  This case is dismissed, with prejudice, because further leave to amend would be futile.  The court will separately enter final judgment.

SIGNED on June 3, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge